A CERTIFIED TRUE COPY

MAY 10 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 1 1 2007

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 10 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1832

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PILGRIM'S PRIDE FAIR LABOR STANDARDS ACT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,[*] JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of two actions pending in the Northern District of Alabama and three actions pending, respectively, in the Western District of Arkansas, the Eastern District of Tennessee, and the Eastern District of Texas as listed on Schedule A.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by common defendant Pilgrim's Pride Corp. (Pilgrim's Pride) for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Texas or, in the alternative, the Western District of Arkansas. All plaintiffs support transfer under Section 1407 but disagree on the appropriate transferee district. Plaintiffs in all actions except the Middle District of Georgia potential tag-along action, and plaintiffs in that action in the alternative, either support transfer to the Northern District of Alabama or support transfer to the Western District of Arkansas. Plaintiffs in the Middle District of Georgia potential tag-along action suggest transfer to the Northern District of Georgia, which is also supported as an alternative forum choice by certain other plaintiffs. In addition, plaintiffs in the Eastern District of Pennsylvania potential tag-along actions request that their consolidated action be included on any transfer order.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Arkansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share questions of fact arising out of similar allegations that certain employees of Pilgrim's Pride are entitled to compensation under the Fair Labor Standards Act

---

[*] Judge Scirica took no part in the decision of this matter.

[1] The parties have notified the Panel of three related actions pending in the Eastern District of Pennsylvania and three other related actions pending, respectively, in the Middle District of Georgia, the Northern District of Georgia, and the Western District of Kentucky. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

(FLSA), 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Arkansas is an appropriate transferee forum for this docket. This district, where an action is already pending, 1) does not have any other multidistrict litigation dockets, 2) enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the resources available to manage this litigation, and 3) has the support of plaintiffs in the action in this district and in actions pending elsewhere as well as the support of moving defendant in the alternative. Also, plaintiffs in the action pending there seek collective action status under the FLSA for all current and former employees of Pilgrim's Pride who worked on a chicken-processing line during the relevant time period.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Arkansas are transferred to the Western District of Arkansas and, with the consent of that court, assigned to the Honorable Harry F. Barnes for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman